## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

|  |  |  |
|---|---|---|
| LISA K. MULLEN, | ) | Case No.3:08-0107 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| DR. FRANCIS J. HARVEY, | ) | |
| SECRETARY OF THE ARMY, | ) | |
| ARMY CORPS OF ENGINEERS, | ) | |
| HUNTINGTON DISTRICT | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR REPLY

Plaintiff, Lisa Mullen, and through her undersigned counsel, Snider & Associates, LLC,

moves for leave to file a Sur Reply, with respect to Defendant's motion for summary judgment

("Defendant's motion"), because  (1) Defendant has admitted Plaintiff's allegations concerning a

hostile work environment; and because (2) Defendant has unexpectedly sought to disavow his

own submitted record.  Defendant has additionally raised two new arguments:  (3) Defendant

contends that the Arbitrator's summation of testimony should be stricken as hearsay[1]—a

contention that runs contrary to a decision of the United States Supreme Court; and (4)

Defendant claims that Plaintiff's hostile work environment claims in Plaintiff's Amended

Complaint cannot be deemed as relating back to those of Plaintiff's original Complaint.

Defendant has admitted Plaintiff's hostile work environment allegations by conceding

that the Arbitrator's finding of a hostile work environment constitutes *res judicata* for this case.

---

[1] Plaintiff did, of course, expect Defendant to attack the Arbitrator's legal conclusions, but not a summation of testimony that is corroborated by Defendant's own exhibits.

(*See* Defendant's Reply Memorandum in support of Defendant's motion for summary judgment

("Defendant's reply"), p. 6, n. 3).

Defendant's Reply also appears to disavow Defendant's submitted record, which

includes: (a) an email from one of Defendant's employees in which that employee, on

Defendant's behalf, stated that he did not question the permanence of Plaintiff's walking

condition; (b) documentation concerning Plaintiff's disabilities, which Defendant sometimes

acknowledges, albeit with the unsupportable claim that documentation concerning a permanent

injury must be continually supplemented; (c) transcript excerpts of the EEO hearing, which

include the same testimony concerning a hostile work environment that is contained in the

Arbitrator's decision, and that is also referred to in both the Complaint and the Amended

Complaint; and (d) the EEO decision, which additionally summarizes this very same testimony

and thus corroborates the Arbitrator's summary.  Thus, both the EEO hearing transcript excerpts,

which Defendant has included as Exhibit K, and the EEO decision, which Defendant has

included as Exhibit L, parallel and corroborate the Arbitrator's summation of testimony,

including testimony about particular discriminatory slurs that other employees hurled at Plaintiff.

Defendant's attack upon the Arbitrator's summation of testimony as hearsay also runs

contrary to a Supreme Court holding, as interpreted recently by a federal district court.

According to the Supreme Court, in *Alexander v. Gardner-Denver*, 415 U.S. 36, 60 n. 21, 94

S.Ct. 1011 (1974), an arbitrator's decision, with respect to an alleged racially discriminatory

discharge, may be admitted as evidence in an action under the equal employment provisions of

the Civil Rights Act and accorded such weight as the court deems appropriate.  *Id.*  This holding

in *Alexander* applies, as here, to claims of discrimination based upon disability.  *Nance v.*

*Goodyear Tire & Rubber Co.*, 527 F.3d 539, 549 (6th Cir. 2008) (*citing Alexander*, 415 U.S. at

60 n.21, 94 S.Ct. at 1011).   In contrast, Defendant's only support, in attacking Plaintiff's citing of the Arbitrator's decision, is an almost thirty-year-old, unreported case based upon an inapposite set of facts.

Yet another new, and incorrect, argument raised by Defendant is Defendant's claim that the hostile work environment allegations of Plaintiff's Amended Complaint cannot relate back to the allegations of Plaintiff's original Complaint.  Defendant's incorrect argument is in fact undermined by Defendant's own case law, according to which the allegations of an amended complaint can be amended subsequent to 90 days after an OFO decision.  *Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006).

## CONCLUSION

For the foregoing reasons and having shown good cause, Plaintiff respectfully requests that the Court grant Plaintiff's motion for leave to file a Sur Reply.

Respectfully Submitted,


s/James L. Fuchs, Esq._____
Michael J. Snider, Esq.
James L. Fuchs, Esq.
Ari Taragin, Esq.
Allan Feldman, Esq.
Law Offices of Snider & Associates, LLC
104 Church Lane Suite 100
Baltimore, Maryland 21208
410-653-9060 Phone
410-653-9061 Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2009, I filed Plaintiff's Motion for Leave to File a Sur Rely, along with a Proposed Order and a copy of the Proposed Sur Reply, electronically with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to CM/ECF participants:


Assistant United States Attorney
P O Box 1713
Charleston, WV  25326
(304) 345-2200
kelly.curry@usdoj.gov
Attorney for United States


                           s/James L. Fuchs, Esq.
                           _____

                           Michael J. Snider, Esq.
                           Ari Taragin, Esq.
                           Allan Feldman, Esq.
                           Law Offices of Snider & Associates, LLC
                           104 Church Lane Suite 100
                           Baltimore, Maryland 21208
                           410-653-9060 Phone
                           410-653-9061 Fax